UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 21-14204-CIV-CANNON/MAYNARD

JOSEPH SAXON,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY
ADMINISTRATION,

    Defendant.
_____/

## REPORT AND RECOMMENDATION ON CONSENT MOTION AND PETITION FOR ATTORNEY'S FEES UNDER THE EAJA, 28 U.S.C. § 2412(d) ("MOTION") [DE 23]

**THIS CAUSE** is before me upon the above Motion. Having carefully reviewed the Motion and noting that Defendant is unopposed to the relief sought, I respectfully **RECOMMEND** that Plaintiff's Motion [DE 23] be **GRANTED** and that Plaintiff be awarded **$6,526.20** in attorney fees plus **$402.00** in reimbursable expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).

**I.    BACKGROUND**

On May 12, 2021, Plaintiff filed this case seeking judicial review of the denial of his application for disability benefits under the Social Security Act [DE 1]. On October 15, 2021, Defendant filed an Answer and the certified administrative record [DE 9; DE 10]. On January 24, 2022, Plaintiff filed a motion for summary judgment [DE 19]. On March 7, 2022, Defendant filed an unopposed motion to remand the case for further administrative proceedings [DE 20].

On March 8, 2022, the District Court entered an Order granting Defendant's unopposed motion for remand [DE 21]. The District Court thereafter entered a final judgment in Plaintiff's

favor and remanded the case for further administrative review [DE 22]. On March 15, 2022, Plaintiff filed the instant Motion seeking an award of $6,526.20 in attorney fees and $402.00 in filing fee costs under the EAJA [DE 23].

## II. ANALYSIS

### A. Entitlement to Attorney's Fees

Under the EAJA, "a court shall award to a prevailing party other than the United States" reasonable attorney fees and costs "incurred by that party in any civil action ... brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust." 28 U.S.C. § 2412(d)(1)(A). A party is entitled to an award of attorney fees if: (1) the party prevailed in a non-tort suit involving the United States; (2) the Government's position was not substantially justified; (3) the party timely files an application for attorney fees; (4) the party had a net worth of less than $2 million when the complaint was filed; and (5) no special circumstances would make the award of fees unjust. 28 U.S.C. § 2412(d); *Delaney v. Berryhill*, 2018 WL 7820219, at *1 (S.D. Fla. Nov. 14, 2018).

A plaintiff in a social security appeal prevails if the court orders a sentence-four remand. *Shalala v. Schaefer*, 509 U.S. 292, 300-02 (1993); *Ochoa v. Comm'r of Soc. Sec.*, 2020 WL 4208042, at *2 (S.D. Fla. July 22, 2020). An EAJA request is timely if made within 30 days of the final judgment, which, if no appeal is taken, is 90 days from the judgment's entry. *See* 28 U.S.C. § 2412(d)(1)(B) & (d)(2)(G) ("final judgment" is judgment that is final and not appealable); Fed. R. App. P. 4(a)(1)(B) (notice of appeal must be filed within 60 days of judgment in case in which United States is party). A premature EAJA request is timely. *Myers v. Sullivan*, 916 F.2d 659, 679 n. 20 (11th Cir. 1990). An EAJA motion must allege that the Commissioner's position

was not substantially justified, *Comm'r, I.N.S. v. Jean*, 496 U.S. 154, 160 (1990), and, if alleged, the Commissioner bears the burden to show that it was, *U.S. v. Jones*, 125 F.3d 1418, 1425 (11th Cir. 1997).

Here, Plaintiff has met all five conditions entitling him to an EAJA award. First, Plaintiff prevailed because a sentence-four remand was ordered. Second, Plaintiff asserts that Defendant's position was not substantially justified, [DE 23 at 3-4], and Defendant does not seek to show otherwise. *See Ochoa*, 2020 WL 4208042 at *2 (finding the second condition met under the same circumstances); *Delaney*, 2018 WL 7820219, at *1 (same). I also note that, after filing an Answer generally denying Plaintiff's claims in this case, Defendant filed a motion to remand this matter for further administrative review. This unprompted change further indicates that Defendant's position was not substantially justified. *See Luna v. Bowen*, 663 F. Supp. 109, 111 (D. Colo. 1987) ("[A] consent to remand would not obviate an EAJA award if the government files an answer before agreeing to remand."). Third, Plaintiff's Motion was filed less than 90 days after the Final Judgment was entered; thus, it is timely. Fourth, Plaintiff avers by sworn affidavit that his net worth was less than $2 million at the time he filed this case [DE 23-1]. This averment by Plaintiff is undisputed. Fifth and finally, I find that there are no special circumstances that would make an award of fees unjust.

      **B.**      **Reasonableness of Attorney Fees Claimed**

Attorney fees requested under the EAJA must be reasonable and "shall be based upon prevailing market rates for the kind and quality of the services furnished, except that … attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor . . . justifies a higher fee." 28 U.S.C. § 2412(d)(2)(A)(ii). Courts consider the application of the cost-of-living adjustment "next to automatic." *Meyer v.*

*Sullivan*, 958 F.2d 1029, 1035 n. 9 (11th Cir. 1992). A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985). The party seeking fees must demonstrate reasonableness, which includes "supplying the court with specific and detailed evidence." *Norman v. Housing Auth. of City of Montgomery*, 836 F.2d 1292, 1299, 1303 (11th Cir. 1988). A party seeking EAJA fees must also show the reasonableness of the number of hours expended. *Watford v. Heckler*, 765 F.2d 1562, 1568 (11th Cir. 1985).

Here, Plaintiff is represented by attorney David B. Goetz, Esq. Plaintiff seeks a total EAJA award of $6,526.20 in attorney fees—to account for 30 billable hours of Mr. Goetz's time spent litigating this matter—all at an hourly rate of $217.54. Mr. Goetz has provided a detailed breakdown of the tasks he performed, the dates he performed them, and how long it took to perform them [DE 23 at 2-3].

Drawing upon my own knowledge and expertise in the award of attorney fees, I find that the hours spent are reasonable and that the hourly rate sought—which accounts for applicable cost of living adjustments, 28 U.S.C. § 2412(d)(2)(A)(ii)—is in full accord with applicable statutory standards. *See Norman*, 836 F.2d at 1303 ("The court … is itself an expert on the question and may consider its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value."); *see also Sensat v. Berryhill*, 2018 WL 5257143, at *6 n. 12 (S.D. Fla. Oct. 22, 2018) (providing the steps to calculate the change in cost of living). I have independently reviewed the specific tasks performed by counsel and find the time spent reasonable. Mr. Goetz specializes in handling social security appeals, as reflected by his many appearances in federal court. Mr. Goetz has been practicing in the area of social security law since 1993 and he has been a Florida Bar member for

nearly 30 years.  DE 23 at 5-6.  Mr. Goetz also prides himself on having obtained 77 voluntary remands from the Commissioner in cases nationally during the past four calendar years.  *Id.* at 6.  Mr. Goetz has documented the work he performed in this case, which included preparing pleadings including a motion for summary judgment, monitoring case filings, and communicating with opposing counsel regarding voluntary remand.  Upon independent review, I find that the attorney fee award sought by Plaintiff is reasonable.

### C. Other Expenses

Plaintiff also requests reimbursement of $402.00 as reimbursement for the filing fee paid in this case.  The EAJA authorizes the award of costs and expenses.  28 U.S.C. § 2412(a)(1) & (d)(1)(A); *Ochoa*, 2020 WL 4208042 at *3 (S.D. Fla. July 22, 2020).  This requested amount is reasonable and should be awarded to Plaintiff as a reimbursable expense.

### D. Assignment of Fees and Expenses

Because Plaintiff is eligible for an EAJA award and his requested amount is reasonable, I recommend that Plaintiff be awarded the fees and expenses he seeks.  However, an EAJA award is to the party, not his attorney.  *Astrue v. Ratliff*, 560 U.S. 586, 592–93 (2010).  Thus, the award is subject to offset to satisfy any pre-existing debt that Plaintiff owes to the Government, and payment due to Plaintiff exceeding any such debt may be paid to Plaintiff's counsel if Plaintiff has assigned to his counsel his right to fees.  *See id.* at 597 (noting that the Government discontinued the direct payment practice of paying fees to a plaintiff's counsel except in cases where the plaintiff does not owe a federal debt and has assigned his right to fees to the attorney).

Here, Plaintiff has submitted an Affidavit and Assignment of EAJA Fee [DE 23-1].  The affidavit bears Plaintiff's signature and reflects that Plaintiff has assigned any right that he may have to an EAJA fee award to his counsel [*Id.*].  With such assignment in place, if the U.S.

Department of the Treasury determines that Plaintiff does not owe a federal debt, any remaining EAJA fees should be paid in Plaintiff's name but sent directly to Plaintiff's counsel.

## III.   RECOMMENDATION

For the foregoing reasons, I respectfully **RECOMMEND** that Plaintiff's Motion [DE 23] be **GRANTED** and that Plaintiff be **AWARDED** a total of **$6,526.20** in attorney fees plus **$402.00** in filing fee costs as a reimbursable expense under the EAJA, which shall be made payable to Plaintiff and sent to Plaintiff's counsel's office after the Commissioner determines if Plaintiff owes any federal debt.

## IV.   NOTICE OF RIGHT TO OBJECT

The parties shall have fourteen (14) days from the date of being served with a copy of this Report and Recommendation within which to file written objections, if any, with U.S. District Judge Aileen M. Cannon.  Failure to timely file objections shall bar the parties from a *de novo* determination by the District Judge of an issue covered in the Report and Recommendation and shall bar the parties from attacking on appeal unobjected-to factual and legal conclusions contained in this Report and Recommendation.  *See* 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 149 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); 11th Cir. R. 3-1 (2016). Conversely, if a party does not intend to object to this Report and Recommendation, then that party shall file a Notice of such within five (5) days of the date of this Report and Recommendation.

**DONE AND SUBMITTED** in Chambers at Fort Pierce, Florida, this 16th day of March, 2022.

SHANIEK M. MAYNARD
U.S. MAGISTRATE JUDGE